Essex County Circuit Court.

ABRAHAM HAAS, TRADING AS HAAS SHOE SHOP, PLAINTIFF, v. CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT.

For the plaintiff, *Milton M. Unger* (*Leonard J. Emmerglick,* of counsel).

For the defendant, *Charles M. Myers* (*Vincent J. Casale,* of counsel).

SMITH, J.   Motion was made to strike out the answer as frivolous, and at the time of the argument the defendant, who had given notice in the answer that the complaint did not disclose any cause of action and reserved the right to move to strike out the complaint either before or at the trial, moved without objection on the part of the plaintiff to strike out the complaint as not setting forth a cause of action.

While this motion should have been made before answer was filed or at the trial, I believe under the rule I have the right to entertain it, and there being no objection made on behalf of the plaintiff, I will consider it.   My determination on this motion made by the defendant will render unnecessary my passing on some of the points raised by the plaintiff.

The plaintiff's contention is that in taking land, under lease to him, for a street widening, the defendant took immovable improvements to a building on the property taken, and terminated by the taking of the property, the business there conducted by the plaintiff, in effect, depriving him of a good will built up in connection with that business.

The complaint further refers to the fact that the defendant took possession of the lands and buildings under condemnation proceedings, and I think it is fair to assume on this motion that by reference to such taking the plaintiff admits that compensation was made as provided by the statute referred to, for the value of the land taken and the damages thereto, said statute providing for the method of compensation to the plaintiff for his rights under his leasehold. If I am wrong in this assumption, objection should be made by the plaintiff before the order is signed.

The affidavits presented on the defendant's motion clearly show that compensation was awarded to the plaintiff out of the money paid into the Court of Chancery which was awarded for the taking of the lands and damages thereto. These affidavits, of course, cannot be used on the motion to strike out the complaint unless consented to by the plaintiff.

The plaintiff's contention is that the statute referred to, namely, the Home Rule act, which provides for the taking of private property for a street widening, does not provide for the award to the plaintiff of compensation for the good will and improvements which he has made. The statute itself only provides for the award of damages for the land taken and the damages to the remaining land, and, of course, does not direct compensation to be made for good will. In so far as permanent improvements are concerned, they inure to the landlord and are covered by any award made to him.

Originally in this state land was taken by the state for public roads or streets without compensation. The constitution of 1844 provided that "land may be taken for public highways as heretofore until the legislature shall direct compensation to be made." The compensation which the legislature has directed to be made is an award for the land taken and

damages to the remaining land. No provision has been made for compensation for losses such as complained of by the plaintiff, and the losses complained of by the plaintiff cannot be included in the award made in the condemnation. *Cook* v. *Newark,* 99 *N. J. Eq.* 527; *affirmed,* 100 *Id.* 581; *Newark* v. *Eisner,* 100 *Id.* 581, following *Freeholders of Hudson Co.* v. *Emmerich,* 57 *Id.* 535.

The argument made on this motion was to the effect that the plaintiff is protected in a right for compensation for his good will by the fourteenth amendment to the federal constitution providing that the state shall not deprive any person of property without due process of law. I have examined the cases submitted: That of *Chicago, Burlington and Quincy Railroad* v. *Chicago,* 166 *U. S.* 226, and *Monongahela Navigation Co.* v. *United States,* 148 *Id.* 312.

These federal cases persuppose that what the party is deprived of is some property to which he is entitled to be compensated for if taken for public use. The reference as heretofore contained in the state constitution of 1844 is explained in the case of *Mangles* v. *Hudson County Board of Chosen Freeholders,* 55 *N. J. L.* 90. It is shown that the original grant of land in East Jersey included five per cent. for opening highways, and this was limited to four rods. I think we must therefore assume that this right to take land for highways is one inherently reserved when the grants were made, as being necessary for the use of the property granted. If it were not for roads, free access could not be had to the property granted.

The rule of damage for taking land for highways does not include compensation for loss of good will. This is shown in *Lew. Eminent Domain* (*3d ed.*) § 727; previous edition, section 487. This textbook is referred to by Vice-Chancellor Emery in his opinion in the case of *Board* of *Chosen Freeholders of Hudson County* v. *Emmerich, supra.*

The motion on behalf of the plaintiff to strike out the answer and counter-claim will be denied, and the defendant's motion to strike out the complaint will be granted.